IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| STEVE RUCKER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:23CV00003 |
| | ) |
| JONATHAN FARRAR, et. al. | ) |
| | ) |
| Defendants. | ) |

**ANSWER ON BEHALF OF DEFENDANT MICHAEL JOHNSON, JR.**

Defendant Michael Johnson, Jr. ("Defendant"), by counsel, respectfully submits this answer to Plaintiff Steve Rucker, Jr.'s Complaint:

1. Paragraphs 1-5 of the Complaint contain legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations in paragraphs 1-5.

2. Defendant has insufficient information to admit or deny the allegations in paragraph 6.

3. With respect to paragraph 7, Defendant admits that defendant Farrar was a Virginia resident and law enforcement officer for the City of Lynchburg ("City") with the rank of Officer at the time of the subject events, and acted in his capacity as a police officer during the subject events. The remaining allegations in paragraph 7 contain legal conclusions to which a response is not required.

4. With respect to paragraph 8, Defendant admits that defendant Miller was a Virginia resident and law enforcement officer for the City with the rank of Officer at the time of the subject events, and acted in his capacity as a police officer during the subject events. The

1

remaining allegations in paragraph 8 contain legal conclusions to which a response is not required.

5. With respect to paragraph 9, Defendant admits that he was a Virginia resident and law enforcement officer for the City with the rank of Officer at the time of the subject events, and acted in his capacity as a police officer during the subject events. The remaining allegations in paragraph 9 contain legal conclusions to which a response is not required.

6. With respect to paragraph 10, Defendant admits that on March 20, 2021, he was informed via police radio of Rucker's general whereabouts and that a warrant for Rucker was pending. Defendant has insufficient information to admit or deny the remaining allegations in paragraph 10.

7. With respect to the allegations in paragraph 11-33, Defendant admits that he heard over the police radio that Rucker was on a horse and would not stop, and then he, along with Lt. Smith and other officers, pursued Rucker for several minutes on City streets as Plaintiff fled police on horseback, at times riding on the wrong side of the road and going the wrong direction on a one-way street, ignoring traffic signs and signals, and ignoring verbal commands to stop and police lights and sirens. Defendant further admits that he heard over the police radio that officers Farrar and Miller had attempted to deploy their tasers on Rucker. Defendant further admits that eventually Plaintiff fell off his horse at the intersection of 15th Street and Polk Street. Defendant has insufficient information to admit or deny the remaining allegations in paragraphs 11-33.

8. With respect to the allegations in paragraph 34, Defendant admits that Lt. Smith began exiting his parked vehicle upon pulling up to the scene. Defendant has insufficient information to admit or deny the exact time Lt. Smith arrived on scene.

9. Defendant admits the allegations in paragraph 35.

10. With respect to the allegations in paragraph 36, Defendant admits only the following: as he pulled up to the scene, Defendant radioed dispatch that he was approaching 15th Street and Polk Street and Rucker had just fallen off his horse. Defendant then, believing he placed his vehicle in park, began to exit the vehicle. However, Defendant then realized the vehicle was still moving down a small hill so he got back in the vehicle. At that point the vehicle was heading to the right towards Lt. Smith, and Defendant turned the vehicle sharply to the left to avoid hitting Lt. Smith. Defendant's vehicle then hit a retaining wall, which put Defendant's vehicle going in the direction of Rucker. Defendant tried as hard as he could to maneuver his vehicle to avoid Rucker but the vehicle ended up hitting him. Eventually, Defendant was able to maneuver his vehicle to the left where he then placed it in park. Defendant denies any allegations inconsistent with this account and states the dash cam and body cam videos speak for themselves.

11. With respect to the allegations in paragraph 37, Defendant has insufficient information to admit or deny the physical injuries sustained by Plaintiff. Defendant denies the remaining allegations in paragraph 37 and denies that he is liable to Plaintiff for any amounts or for any reason whatsoever.

12. With respect to the allegations in paragraph 38, Defendant incorporates his responses to the preceding paragraphs.

13. Paragraphs 39-40 contain legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations in paragraphs 39-40.

14. Defendant denies the allegations in paragraphs 41-45.

15. Paragraphs 46-53 do not pertain to this Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations in paragraphs 46-53.

16. The paragraph entitled "Preliminary Statement" is not numbered and does not comply with Rule 10 of the Federal Rules of Civil Procedure, such that no response is required. To the extent a response is required, Defendant denies the allegations in the "Preliminary Statement."

17. Defendant denies all allegations in the Complaint not expressly admitted herein.

18. Defendant denies that he is indebted or liable to Plaintiff for the amounts or reasons set forth in the Complaint or for any other amounts or reasons whatsoever.

19. Defendant denies that Plaintiff is entitled to punitive damages.

20. Defendant denies that Plaintiff is entitled to attorney's fees for the claims against Defendant.

21. Plaintiff's claims are barred in whole or in part by the doctrines of contributory negligence and assumption of the risk.

22. To the extent it applies, Defendant will rely on the doctrines of sovereign, qualified, governmental, and/or good faith immunity.

23. To the extent it applies, Defendant will rely on the doctrines of accord and satisfaction and/or waiver.

> Respectfully Submitted,
>
> MICHAEL JOHNSON, JR.
>
> By: /s/ Julian F. Harf
> Julian F. Harf (VSB #90775)
> Guynn, Waddell, Carroll & Lockaby, P.C.
> 415 S. College Avenue

Salem, Virginia  24153
Phone: 540-387-2320
Fax:     540-389-2350
Email: julianh@guynnwaddell.com
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Mark Dennis Dix, Esq.
Dix Law Firm, PLLC
919 East Main Street, Suite 625
Richmond, VA  23219
Phone: (804) 500-6290
Fax: (804) 500-6291
Email: mdix@dixlawfirm.com
*Counsel for Plaintiff*

T. Vaden Warren, Jr.
The Warren Firm
516 Locust Avenue
Charlottesville, VA 22902
Phone: (434) 972-9090
Fax: (434) 972-9091
Email: vwarren@warren-law.com
*Counsel for Plaintiff*

/s/ Julian F. Harf
Julian F. Harf (VSB #90775)
Guynn, Waddell, Carroll & Lockaby, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Fax:     540-389-2350
Email: julianh@guynnwaddell.com
*Counsel for Defendants*