IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| **STEVE RUCKER, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 6:23cv00003 |
| ) | |
| **ZACHARY MILLER and** ) | |
| **MICHAEL JOHNSON, JR.,** ) | |
| ) | |
| **Defendants.** ) | |

**OBJECTIONS TO SUBPOENA TO PRODUCE AND
MOTION TO QUASH OR MODIFY THE SUBPOENA**

Third-party Lynchburg Police Department, and defendants Zachary Miller and Michael Johnson, Jr.,[1] by counsel, object to the plaintiff's subpoena to produce issued August 25, 2023, and move the Court to quash or modify the subpoena pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure and seek entry of a protective order to protect the LPD from the subpoena, and in support thereof states as follows.

1. On August 25, 2023, Plaintiff's counsel issued a subpoena to produce to Third-Party Lynchburg Police Department ("LPD") in the above-styled action.  The subpoena, attached as Exhibit 1, commands a non-party to produce information that is privileged and confidential, such as the Defendant Officers' employment files, training records and work history files.  It also seeks production of materials which is an undue burden for LPD in commanding production of all records on claims filed against it for use of force (taser) by any officer over a period of ten years and a

---

[1] The Defendant Officers join in the Lynchburg Police Department's motion as the materials requested contain their confidential information and is irrelevant to the Plaintiff's claims.

{00524725.DOCX }

number of other records which have no bearing on the Plaintiff's claims in the case at issue.

2. In item 1 of the subpoena, Plaintiff requests a multitude of items in a broad sweep which creates an undue burden as it requires the LPD to gather and produce records "related to any and all" investigations by LPD, Virginia State Police or any other governmental agency into the March 20, 2021 occurrence at issue, and requests any statements, photos, audio, video, email, voicemail and text messages, and "media of any kind," along with many other items. Objection is made as it is overly broad, unduly burdensome and not proportional to the needs of the case.

3. In items 2 and 5, the subpoena commands the LPD to produce an expansive amount of information on the Defendant Officers in that it requires their "complete and unredacted" employment records and any and all documents which reflect the Defendant Officers' work history. To comply, would require LPD to produce confidential records on the hiring process, such as background checks and interviews with neighbors, along with payroll records, income tax information, information about family members, and social security numbers and other identifying information. These are overly broad requests seeking confidential information, and is unduly burdensome and not proportional to the needs of the case.

4. In items 3 and 4, the subpoena seeks "complete, unredacted copy of any and all education and training records, certifications, licenses or other degrees of the Defendant Officers. There is no time frame and the requests are not limited to any specific topics. The documents could include identifying information social security numbers. Defendants and Lynchburg Police Department object to these requests as they are overly broad, unduly burdensome and not proportional to the needs of the case.

5. In item 6, the subpoena seeks the private residential addresses and personal telephone numbers of seven LPD officers. These officers responded to the call on March 20, 2021, which is

the subject of this action, as part of their duties, as did the Defendant Officers. None of the officers should be interviewed by Plaintiff's counsel without an attorney present. If the Plaintiff's counsel wishes to depose any of these officers, contacting the City Attorney or counsel for the Defendant Officers would be a more appropriate approach. To command a non-party to produce the private addresses and telephone numbers of the police officers is unreasonably invasive and not proportional to the needs of the case.

6. In item 7, the subpoena seeks "any and all photos or videos of Rucker." Plaintiff Steve Rucker, Jr. is someone with whom the LPD has had several encounters over the years. The LPD has video footage from the incident at issue, but the Plaintiff provides no time frame nor is the request limited to any specific incident(s). To require the LPD to search other cases or matters in which Rucker may have been involved as a witness or suspect is overly burdensome and is not proportional to the needs of the case.

7. In item 12, the Plaintiff commands a non-party to produce "any and all documents reflecting instances in the past ten years when LPD made an official determination that the use of force (taser) was not justified." As there is no claim against LPD in this case, and the time has lapsed to add it as a party, requiring such information is overly burdensome and not proportional to the needs of this case. In addition, the time and effort to gather such materials creates an undue burden. In 2015, LPD began keeping records of professional standards reviews on a computer database, so to gather records further back would require manually sifting through file folders in an off-site location.

8. In item 13, the Plaintiff commands a non-party to produce "any and all documents reflecting personal injury claims, civil rights claims, etc…. lodged and/or filed against the LPD or any of its employees….within the past ten years that related to the use of force (taser)." Similarly

to the above Paragraph 7, as there is no claim against LPD in this case and the time has lapsed to add it as a party, rendering such information overly burdensome and not proportional to the needs of this case. To retrieve documents going further back than 2015, would require manually sifting through file folders in an off-site location.

9. In item 15, the Plaintiff's subpoena commands the LPD to produce "any and all statements obtained from Plaintiff." Plaintiff Steve Rucker, Jr. is someone with whom the LPD has had several encounters over the years. The LPD has video footage from the incident at issue, but the Plaintiff provides no time frame nor is the request limited to any specific incident(s). To require the LPD to search other cases or matters in which Rucker may have been involved as a witness or suspect is overly burdensome and is not proportional to the needs of the case.

10. For the above-stated reasons, the subpoena is overly broad in that it is not limited in time or scope to the issues relevant to any party's claim or defense in this case. In consideration of the claims and Defendant Officers, the importance of the issues at stake, the importance of discovery in resolving issues, the materials requested of this non-party is not proportional to the needs of the case. The burden of time, effort and expense to meet the subpoena's requirements outweigh the minimal benefit the Plaintiff would receive.

11. Moreover, "[a] subpoena imposes an undue burden on a party when a subpoena is overbroad." *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 612 (E.D. Va. 2008).

12. Rule 26 provides that "a party 'may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]'" *Brown v. Mountainview Cutters, LLC*, Civil Action No. 7:15-CV-00204, 2016 U.S. Dist. LEXIS 70090, at *7 (W.D. Va. May 27, 2016) (quoting Fed. R. Civ. P. 26(b)(1)). The court, however, "must limit the . . . extent of discovery otherwise allowed by these rules . . . if it determines that:

the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive" or that "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). "As such, the Court may quash a subpoena as overbroad if it 'does not limit the [documents] requested to those containing subject matter relevant to the underlying action.'" *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 241 (E.D. Va. 2012) (quoting *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 612 (E.D. Va. 2008)). Rule 26 further provides that the court may protect persons from "annoyance, embarrassment, oppression, or undue burden or expense," and Rule 45 requires the court to quash a subpoena that "subjects a person to an undue burden." Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 45(d)(3)(A)(iv).

For the foregoing reasons, Lynchburg Police Department and the Defendant Officers, by counsel, move that the subpoena be quashed or modified, that the Court enter a protective order denying Plaintiff the subpoenaed materials and information and for such other and further relief as the nature of this case may require.

                                        Respectfully submitted,

                                        LYNCHBURG POLICE DEPARTMENT,
                                        ZACHARY MILLER, and
                                        MICHAEL JOHNSON, JR.

                                        By:  /s/ Matthew J. Schmitt_____
                                                 Of Counsel

Jim H. Guynn, Jr. (VSB No. 22299)
Matthew J. Schmitt (VSB No. 96513)
GUYNN WADDELL, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone:  540-387-2320
Email: JimG@guynnwaddell.com
        MattS@guynnwaddell.com
*Counsel for third-party Lynchburg Police Department and Defendants Zachary Miller and Michael Johnson, Jr.*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 8th day of September, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

| | |
|---|---|
| Mark Dennis Dix, Esq. | T. Vaden Warren, Jr., Esq. |
| DIX LAW FIRM, PLLC | THE WARREN FIRM |
| 919 East Main Street, Suite 625 | 516 Locust Avenue |
| Richmond, VA  23219 | Charlottesville, VA 22902 |
| Phone: (804) 500-6290 | Phone: (434) 972-9090 |
| Fax:    (804) 500-6291 | Fax:    (434) 972-9091 |
| Email: mdix@dixlawfirm.com | Email:  vwarren@warren-law.com |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |

         /s/ Matthew J. Schmitt_____
Jim H. Guynn, Jr.
Matthew J. Schmitt
GUYNN WADDELL, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Email: JimG@guynnwaddell.com
         MattS@guynnwaddell.com
*Counsel for third-party Lynchburg Police Department and Defendants Zachary Miller and Michael Johnson, Jr.*