Steve Rucker, Jr. v Zachary Miller, et al.

# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Western District of Virginia

| | |
|---|---|
| STEVE RUCKER, JR. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 6:23cv00003 |
| ZACHARY MILLER, et al., | ) |
| | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Lynchburg Police Department, Attn: Chief Ryan M. Zuidema and/or Custodian of Records, 905 Court Street, Lynchburg, Virginia 24504

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: The Warren Firm, 516 Locust Avenue, Charlottesville, Virginia 22902 | Date and Time: 09/15/2023 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/25/2023

_____         _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

CLERK OF COURT                                OR

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Steven Rucker, Jr. , who issues or requests this subpoena, are:

T. Vaden Warren, Jr., Esq., 516 Locust Avenue, Charlottesville, VA 22902, vwarren@warren-law.com, (434) 972-9090

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Case 6:23-cv-00003-NKM   Document 38-1   Filed 09/08/23   Page 3 of 8   Pageid#: 174

Civil Action No. 6:23cv00003

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## NOTICE TO HEALTH CARE ENTITIES

A COPY OF THIS SUBPOENA DUCES TECUM HAS BEEN PROVIDED TO THE INDIVIDUAL WHOSE HEALTH RECORDS ARE BEING REQUESTED OR HIS COUNSEL. YOU OR THAT INDIVIDUAL HAS THE RIGHT TO FILE A MOTION TO QUASH (OBJECT TO) THE ATTACHED SUBPOENA. IF YOU ELECT TO FILE A MOTION TO QUASH, YOU MUST FILE THE MOTION WITHIN 15 DAYS OF THE DATE OF THIS SUBPOENA.

YOU MUST NOT RESPOND TO THIS SUBPOENA UNTIL YOU HAVE RECEIVED WRITTEN CERTIFICATION FROM THE PARTY ON WHOSE BEHALF THE SUBPOENA WAS ISSUED THAT THE TIME FOR FILING A MOTION TO QUASH HAS ELAPSED AND THAT:

NO MOTION TO QUASH WAS FILED; OR

ANY MOTION TO QUASH HAS BEEN RESOLVED BY THE COURT OR THE ADMINISTRATIVE AGENCY AND THE DISCLOSURES SOUGHT ARE CONSISTENT WITH SUCH RESOLUTION.

IF YOU RECEIVE NOTICE THAT THE INDIVIDUAL WHOSE HEALTH RECORDS ARE BEING REQUESTED HAS FILED A MOTION TO QUASH THIS SUBPOENA, OR IF YOU FILE A MOTION TO QUASH THIS SUBPOENA, YOU MUST SEND THE HEALTH RECORDS ONLY TO THE CLERK OF THE COURT OR ADMINISTRATIVE AGENCY THAT ISSUED THE SUBPOENA OR IN WHICH THE ACTION IS PENDING AS SHOWN ON THE SUBPOENA USING THE FOLLOWING PROCEDURE:

PLACE THE HEALTH RECORDS IN A SEALED ENVELOPE AND ATTACH TO THE SEALED ENVELOPE A COVER LETTER TO THE CLERK OF COURT OR ADMINISTRATIVE AGENCY WHICH STATES THAT CONFIDENTIAL HEALTH RECORDS ARE ENCLOSED AND ARE TO BE HELD UNDER SEAL PENDING A RULING ON THE MOTION TO QUASH THE SUBPOENA. THE SEALED ENVELOPE AND THE COVER LETTER SHALL BE PLACED IN AN OUTER ENVELOPE OR PACKAGE FOR TRANSMITTAL TO THE COURT OR ADMINISTRATIVE AGENCY.

On or before **Friday, September 15, 2023, at 10:00 a.m.**, you are commanded to produce at **The Warren Firm, 516 Locust Avenue, Charlottesville, Virginia 22902**, the following documents and/or tangible things in your possession:

### Definitions:

"Communication" refers to any method by which information is transmitted, including without limitation, correspondence, meetings, telephone calls, text messages, emails, conversations, and discussions, whether written or oral.

The words "person," "persons" or "individual" refer to both natural and artificial (e.g., corporations, partnerships, governmental units, or agencies, etc.) persons and,

where an artificial person is involved, include all natural persons acting or purporting to act on behalf of the artificial person.

The words "identify", "identity" or "identification" and any other form of these words when used in reference to a natural person mean to state the full name, present or last known home address and telephone number, business address and telephone number and present or last known business affiliation of such person. When the above-mentioned words are used in reference to a corporation, partnership, governmental unit or similar organization, state its full name and its present or last known business address. When the above-mentioned words are used in reference to a document, specify the document's date, author and location and its current custodian, and qualify the type of document being referred to with sufficient detail so that it can be produced upon request or court order.

The terms "describe" or "state" means to state all facts, circumstances and opinions known or held concerning what is requested to be described or stated, the identity of all persons having knowledge of what is described or stated and the identity of all documents relating to what is to be described or stated.

The words "document", "documents" or "documentation" refer to all items subject to discovery under the Federal Rules of Civil Procedure. Without limiting the generality of the foregoing definition, the words "documents" or "documentation" mean written, graphic or recorded matter, including but not limited to all letters, emails, text messages, instant messages, facsimiles, telegrams, correspondence, reports, memoranda, agreements, contracts, recordings, memorials of telephone conversations or meetings or conferences, interoffice communications or work papers, however produced or reproduced, of every kind and description, including original and non-identical copies.

"And" and "or" as used herein are both conjunctive and disjunctive as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

"All" as used herein means any and all.

"Occurrence" or "incident" shall be used interchangeably to mean the events referenced in the Amended Complaint.

"Rucker" refers to Plaintiff.

"Miller" refers to Defendant Zachary Miller.

"Johnson" refers to Defendant Michael Johnson, Jr.

"LPD" refers to the City of Lynchburg Police Department.

"Officers" refers collectively to all sworn law enforcement officers within the employ, agency, and/or service of the LPD who (i) pursued Rucker on March 20, 2021, (ii) attempted to arrest or restrain Rucker on March 20, 2021, and/or (iii) responded to the scene following Rucker being struck by a motor vehicle on March 20, 2021.

"Defendant-Officers" refers collectively to Miller and Johnson.

"GO" refers to a General Order of the LPD.

"WD" refers to a Written Directive of the LPD.

**Documents To Be Produced:**

1. All documents related to any and all investigations conducted by the LPD, the Virginia State Police, and/or any other government agency, into the occurrence including, but not limited to: internal affairs investigations; civil, criminal, and/or administrative investigations or proceedings; memoranda, orders, reports, letters, and/or other documents which reflect the findings and/or conclusions of said investigations; memoranda, orders, reports, letters, and/or other documents which reflect disciplinary or corrective action taken as a result of said investigations; the results of any and all forensic, ballistic, and/or other testing conducted as part of said investigations; media of any kind including, but not limited to, photos, videos, audio, text messages, emails, related to, or collected as part of, said investigations; recorded statements related to, or collected as part of, said investigations; written or transcribed statements related to, or collected as part of, said investigations; sworn testimony taken that is related to, or collected as part of, said investigations; statements, whether written, recorded, transcribed or otherwise, taken from Miller, Johnson, and/or any of the other Officers; statements, whether written, recorded, transcribed or otherwise, taken from any eyewitness to the incident; statements, whether written, recorded, transcribed or otherwise, taken from any other individual with first-hand knowledge of the incident; video of the occurrence; communications related to, or collected as part of, said investigations, including but not limited to emails, texts, and voicemail messages.

2. A complete, un-redacted copy of any and all employment records of the Defendant-Officers.

3. A complete, un-redacted copy of any and all education, training, and retraining records of the Defendant-Officers.

4. A complete, un-redacted copy of any and all certifications, licenses, or other degrees conferred upon the Defendant-Officers.

5. Any and all documents which reflect the work history of the Defendant-Officers including, but not limited to, resumes and job applications.

6. Any and all documents which provide the last known physical residential addresses and telephone numbers for the following Officers: Jonathan Farrar, Collin Chase Bryant, Thomas Hall, Kasey Smith, Brian Smith, Seth Reed, and Travis Branch.

7. Any and all photos or videos of Rucker.

8. A copy of and all GOs and/or WDs <u>as in effect on March 20, 2021</u> that pertain to, relate to, mention, or otherwise reference tasers including, but not limited to, their application as a use of force.

9. A copy of and all GOs and/or WDs <u>as currently in effect</u> that pertain to, relate to, mention, or otherwise reference tasers including, but not limited, to their application as a use of force.

10. A copy of and all GOs and/or WDs <u>as in effect on March 20, 2021</u> that pertain to, relate to, mention, or otherwise reference the use of motor vehicles in law enforcement including, but not limited, to their use in pursuits and/or efforts to conduct a stop, detention, and/or arrest.

11. A copy of and all GOs and/or WDs <u>as currently in effect</u> that pertain to, relate to, mention, or otherwise reference the use of motor vehicles in law enforcement including, but not limited, to their use in pursuits and/or efforts to conduct a stop, detention, and/or arrest.

12. Any and all documents reflecting instances within the past ten (10) years when the LPD made an official determination that the use of force (taser) was not justified.

13. Any and all documents reflecting personal injury claims, civil rights claims, personal injury lawsuits, and/or civil rights lawsuits lodged and/or filed against the LPD, and/or any of its employees, agents, and/or servants, within the past ten (10) years that related to the use of force (taser).

14. A copy of the LPD's organizational chart as of March 20, 2021.

15. Any and all statements obtained from Plaintiff.